Ryan D. O'Dea – Bar No. 273478
Rika M. Kido – Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    rodea@shulmanbastian.com
        rkido@shulmanbastian.com

Attorneys for Plaintiff Lynda T. Bui,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:24-bk-16224-SY |
| **DAVID MANUEL VELARDE AND WENDY ANITA VELARDE,** | Chapter 7 |
| Debtor(s). | Adv. Case No. |
| | **COMPLAINT FOR SALE OF INTERESTS OF ESTATE AND CO-OWNERS IN REAL PROPERTY [11 U.S.C. § 363(h)]** |
| **LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of David Manuel Velarde and Wendy Anita Velarde,** | |
| Plaintiffs, | |
| vs. | |
| **TERI MAYS, solely in her capacity as the Administrator for the Estate of Brent Lewis Mays; and CADE LEWIS VELARDE, an individual** | |
| Defendant(s). | |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

Complaint.docx

Lynda T. Bui, the duly appointed, qualified and acting Chapter 7 Trustee ("Plaintiff") for the bankruptcy estate ("Estate") of David Manuel Velarde and Wendy Anita Velarde ("Debtors") in the above-captioned bankruptcy case, respectfully complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(3) (a proceeding to obtain approval under 11 U.S.C. § 363(h) for the sale of both the interest of the estate and co-owner in property). Plaintiff has standing to bring this action under 11 U.S.C. §§ 323 and 363. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to Debtors' bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division, entitled *In re David Manuel Velarde and Wendy Anita Velarde*, Case No. 6:24-bk-16224-SY on the Court's docket. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $25,000.00.

## THE PARTIES

3. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee for Debtors' Estate and brings the claims asserted herein in that capacity.

4. Plaintiff is informed and believes and thereon alleges that Defendant Teri Mays ("Teri") is the Administrator for the *Estate of Brent Lewis Mays (aka Brent L. Mays, aka Brent Mays)*, which is pending in the Superior Court of California, County of Riverside, Case No. PRRI2503265. Brent Lewis Mays ("Brent") died on June 22, 2024. Plaintiff is further informed and believes Brent was the brother of Debtor David Manuel Velarde ("David"). Plaintiff asserts her claims against Teri solely in her capacity as the Administrator of the *Estate of Brent Lewis Mays*.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

Complaint.docx

5.      Plaintiff is informed and believes and thereon alleges that Defendant Cade Lewis Velarde ("Cade") is an individual residing in the County of Riverside, State of California.  Plaintiff is further informed and believes and thereon alleges that Cade is the brother of Debtor David.

## GENERAL ALLEGATIONS

6.      Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 17, 2024 ("Petition Date").

7.      Trustee was appointed the Chapter 7 Trustee for the Estate.

8.      Debtors did not list an interest in any real property or trusts on their Schedules A/B.

9.      On their Schedule I, Debtors identified a "beneficial interest payment from mother's revocable trust" of $1,000.00.

10.     Plaintiff requested information about the mother's revocable trust, the Joann Velarde 2004 Trust ("Trust"), and the contact information for the Successor Trustee of the Trust. Plaintiff requested and received documents related to the Trust from Teri, the Successor Trustee of the Trust.

11.     After an investigation and review of the Trust documentation and public records, Plaintiff discovered that David holds a one-third ($1/3^{rd}$) interest in the following real properties: (1) 19586 Temescal Canyon Road, Corona, CA  92881 ("Temescal Property"); and (2) 714 and 716 East Grand Boulevard, Corona, CA ("Grand Property" and together with the Temescal Property, the "Properties").  The Properties were originally assets of the Trust but title to each of the Properties were transferred from the Trust to Brent (the prior Successor Trustee of the Trust), David and Cade, all as tenants in common, on or about April 16, 2018, after the Trustor, Joann Velarde, passed away and pursuant to the Third Amendment of the Trust (attached hereto as **Exhibit 1**) whereby Brent, David and Cade were equal beneficiaries.

12.     Pursuant to a Grant Deed recorded against the Grand Property on April 16, 2018, Instrument No. 2018-0144906 ("Grand Deed"), title in the Grand Property is vested in "Brent Mays, David Velarde, Jr. and Cade Lewis, all as tenants in common."  A true and correct copy of the Grand Deed is attached hereto as **Exhibit 2**.

///

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

Complaint.docx

13.    Pursuant to a Grant Deed recorded against the Temescal Property on April 16, 2018, Instrument No. 2018-0144907 ("Temescal Deed"), title in the Temescal Property is vested in "Brent Mays, David Velarde, Jr. and Cade Lewis, all as tenants in common."  A true and correct copy of the Temescal Deed is attached hereto as **Exhibit 3**.

14.    On October 23, 2018, a Corrective Grant Deed was recorded against the Temescal Property, Instrument No. 2108-0418122 ("Corrective Temescal Deed").  The Corrective Temescal Deed corrected Cade's name providing that the Temescal Property is vested in "Brent Mays, David Velarde, Jr. and Cade Lewis *Velarde*, all as tenants in common." (emphasis added) A true and correct copy of the Corrective Grand Deed is attached hereto as **Exhibit 4**.

15.    On November 5, 2018, a Corrective Grant Deed was recorded against the Grand Property, Instrument No. 2108-043177 ("Corrective Grand Deed").  The Corrective Grand Deed corrected Cade's name providing that the Grant Property is vested in "Brent Mays, David Velarde, Jr. and Cade Lewis *Velarde*, all as tenants in common." (emphasis added) A true and correct copy of the Corrective Grand Deed is attached hereto as **Exhibit 5**.

16.    Plaintiff is informed and believes that after accounting for the liens and encumbrances against the Properties, there is significant equity in the Estate's interest in the Properties for the benefit of creditors.

17.    Plaintiff is informed that Brent died on June 22, 2024.

18.    Plaintiff is informed that on November 5, 2025, Teri, Brent's widow, filed a Petition for Letters of Administration in the Superior Court of California, County of Riverside, commencing the probate case, *Estate of Brent Lewis Mays*, Case No. PRRI2503265. The Probate Court granted Ms. Mays' petition at a hearing on December 17, 2025. The Order Appointing Administrator was entered on December 22, 2025. The Letters of Administration were issued on March 23, 2026.

### FIRST CLAIM FOR RELIEF

**Sale of Interests of Estate and Co-Owners in Property Against All Defendants**

**[11 U.S.C. § 363(h)]**

19.    Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Complaint.docx

20.     Pursuant to the Corrective Grand Deed and Corrective Temescal Deed, title in the Properties is vested in "Brent Mays, David Velarde, Jr. and Cade Lewis Velarde, all as tenants in common."  David has a one-third (1/3rd) ownership interest in the Properties.

21.     Partition in kind of the Properties between the Estate and Defendants is impracticable and cannot be made without extreme prejudice to Debtors' Estate and Defendants.

22.     A sale solely of the Estate's undivided beneficial interest in the Properties would realize significantly less for the Estate than a sale of the Properties free of the interests of Defendants.

23.     The benefit to the Estate of a sale of the Properties free of the interests of Defendants outweighs the detriment, if any, to Defendants.

24.     Plaintiff is informed and believes and based thereon alleges that the Properties are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

25.     Any proposed sale of the Properties will be conducted pursuant to and in accordance with 11 U.S.C. § 363, Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 9013-1 upon a noticed motion to be filed in Debtors' main bankruptcy case.  Pursuant to such a motion, Plaintiff will provide for a distribution to Defendants and to the Estate, of the net proceeds of the sale, and subject to the prior satisfaction of all valid taxes, liens, charges, interests, or encumbrances on the Properties.

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1.     That Plaintiff is authorized to sell all interests of the Estate and of Defendants in the Properties under 11 U.S.C. § 363(h); and

2.     For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**

Dated: July 16, 2026          */s/ Ryan D. O'Dea*
                              Ryan D. O'Dea
                              Rika M. Kido
                              Attorneys for Lynda T. Bui, Plaintiff

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

Complaint.docx

# EXHIBIT 1

# Third Amendment
# to
# JoAnn Velarde 2004 Trust

On February 3, 2004, **JoANN VELARDE** executed the **JoANN VELARDE 2004 Trust** as Trustor and Trustee. The Trustor executed a First Amendment on April 20, 2004, and a Second Amendment on June 29, 2006.

Pursuant to the rights reserved to the Trustor under Article V, Section 5.01 of the **JoANN VELARDE 2004 TRUST**, the Trustor may at any time revoke this trust, in whole or in part, by a written instrument. Pursuant to the rights reserved to the Trustor under Article V, Section 5.02 of this Trust, Trustor may at any time amend any term of this trust by written instrument signed by the Trustor. Trustor hereby amends this trust in the following particulars:

I.

ARTICLE IV entitled "Distribution Following Decease of Trustor", Section 4.02 **Specific Bequests** is deleted in its entirety and the following language is inserted in its stead:

## ARTICLE IV

### DISTRIBUTION FOLLOWING DECEASE OF TRUSTOR

Section 4.02. **Specific Bequests.** At the Trustor's death, following the payment of all taxes and expenses, the Trustee shall distribute the Trustor's specific bequests as follows:

(a). To **STEPHAN ANN McCARTNEY** and **JENNY AGUILAR** in equal shares, Trustor's residence, located at 19833 Grandview Drive in Corona, California,

(b). To **STEPHAN ANN McCARTNEY**, Trustor's 2005 Toyota Forerunner Sports Utility Vehicle, License No. 5LFT597, V.I.N. JTEZU14R750050178.

---

-Page 1 of 5-
**Third Amendment to JoAnn Velarde 2004 Trust**

EXHIBIT 1

On the death of the Trustor, the Trustee shall also deliver the specific bequests of the Trustor as set forth in a list which the Trustor shall compile, separate from this Trust document.

II

ARTICLE IV entitled "Distribution Following Decease of Trustor", Section 4.03 **Division of Trust Into Shares** is deleted in its entirety and the following language is inserted in its stead:

Section 4.03    **Division of Trust Into Shares**. After the Trustor's death, the Trustee shall divide the residue of the Trust into three (3) equal shares, one for **BRENT LEWIS MAYS**, one for **DAVID MANUEL VELARDE, JR.;** and one for **CADE LEWIS VELARDE**. If **BRENT LEWIS MAYS, and/or DAVID MANUEL VELARDE, JR.** do not survive Trustor, then said predeceased child's share shall be distributed outright to his issue by right of representation. If **CADE LEWIS VELARDE** predeceases Trustor, then his share shall lapse. Each share shall be distributed or retained in trust as further provided in this instrument.

Section 4.04.  **Distribution to Living children**

Each share allocated to **BRENT LEWIS MAYS and DAVID MANUEL VELARDE, JR.** shall be distributed outright to each of them.

The share allocated to **CADE LEWIS VELARDE** shall be retained and administered by the Trustee in a separate trust. The Trustee, according to his discretion, shall pay to or apply for the child's benefit the net income to the accumulated son's trust in quarter-annual or more frequent installments, until the child reaches age sixty-five (65). If the Trustee considers the income insufficient, the Trustee shall also pay to or apply for the benefit of the son as much of the principal of the child's trust as the Trustee, in the Trustee's discretion considers necessary for the child's property support, health, maintenance, and education, after considering to the extent the Trustee considers advisable any of the child's other income or resources known to the Trustee (including but not limited to other trusts held for his benefit).

When the child attains the age of sixty-five (65), the Trustee shall distribute to the child the undistributed balance of his trust. If the child has already attained the age of sixty-five (65) when the trust is separated into separate shares, the Trustee shall, on making the division, distribute to the child all of his share.

EXHIBIT 1

Notwithstanding any other provision herein, the Trustee of the **JoANN VELARDE 2004 Trust** may delay the distribution of a beneficiary's principal on the schedule set forth herein, if the Trustee, in the Trustee's discretion, believes that it is in the best interest of the beneficiary. The Trustee, in making this decision, shall consult with, but not be bound by any successor Trustee named herein. The Trustee shall further consider the following factors in making this decision:

a.   The beneficiary's involvement in drug or alcohol abuse;

b.   The beneficiary's productive pursuit of employment or education;

c.   The beneficiary's participation in an abusive personal relationship or marriage;

d.   The beneficiary's participation in criminal activities; and/or

e.   Any other activity or status of the beneficiary which, in the sole discretion of the Trustee, would render distribution of trust assets to the beneficiary unproductive or detrimental to the beneficiary.

### III

The following language shall be deleted at the end of  the paragraph of ARTICLE VII, SECTION 7.01(b):

After Trustor's death, it is Trustor's hope and desire that any real property be immediately listed for sale to someone other than family members.

### IV

The first paragraph of ARTICLE IX, SECTION 9.01  of this trust is deleted in its entirety and the following language is inserted in its stead:

Section 9.01.  **Trustee's Power to Designate Successor Trustee.** Any Trustee may resign at any time.  **JoANN VELARDE** is the sole Trustee.  If, for any reason, **JoANN VELARDE** fails to qualify or ceases to act as Trustee, then **BRENT LEWIS MAYS** shall act as Trustee.  If, for any reason **BRENT LEWIS MAYS** fails to qualify or ceases to act as Trustee, then  **TERI MAYS**. shall act as Trustee.

EXHIBIT 1

Except as otherwise provided in this document, the Trustor has intentionally and with full knowledge chosen not to provide for her heirs.

If, without probable cause (as defined in California Probate Code Section 21311(b) or any successor statute), any beneficiary under this Third Amendment or original **JoANN VELARDE 2004 Trust** dated February 3, 2004, or First Amendment and Second Amendments thereto, singly or in conjunction with any other person or persons, files a direct contest (as defined in California Probate Code Section 21310 or any successor statute), that alleges the invalidity of this document or any one or more of its terms or that alleges the invalidity of the original **JoANN VELARDE 2004 Trust**, or First and Second Amendments thereto or any of their terms, or that alleges the invalidity of any will of Trustor or any of its terms, which is in existence on the date this document is executed, then the right of that person to take any interest given to him or her by this document shall be determined as it would have been determined had the person predeceased the execution of this Third Amendment without surviving issue and said disinherited beneficiary shall be liable for all attorney's fees and costs incurred by the trustee in defending the contest or attack.  The trustee is authorized to defend, at the expense of the trust estate, any contest or attack of any nature on this trust or any of its provisions".

Except as herein set forth, I hereby republish said Declaration of Trust, executed February 3, 2004.  Executed in triplicate at Riverside, California on _S-9-12_ , 2012.

_____
**JoANN VELARDE**

The Trustee hereby consents to the foregoing Third Amendment to the Declaration of Trust.

DATED: _S-9_ , 2012

_____
**JoANN VELARDE**

-Page 4 of 5-
**Third Amendment to JoAnn Velarde 2004 Trust**

EXHIBIT 1

STATE OF CALIFORNIA                    )
                                       )
COUNTY OF RIVERSIDE                    )

On  5-9-12                    , before me, Traci Pederson, Notary Public, personally appeared **JoANN VELARDE**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Traci Pederson_

(seal)

TRACI PEDERSON
Commission # 1860917
Notary Public - California
Riverside County
My Comm. Expires Sep 8, 2013

-Page 5 of 5-
Third Amendment to JoAnn Velarde 2004 Trust

EXHIBIT 1

# EXHIBIT 2

RECORDING REQUESTED BY:

**THOMPSON & COLEGATE LLP**

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Brent Mays
511 Alex D. Owens Drive
Kings Mountain, NC 28086



## 2018-0144906

04/16/2018 10:13 AM Fee: $ 102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

loO

APN: 117-204-007-0
Commonly known as:  714 & 716 East Grand
Blvd., Corona, CA

*SPACE ABOVE THIS LINE IS FOR RECORDER'S USE*

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $_____-0-_____
☐ Computed on full value of property conveyed, or
☐ Computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated area __x__ City of Corona

For valuable consideration, receipt of which is hereby acknowledged, Brent Mays, Successor Trustee of the Joann Velarde 2004 Trust dated February 3, 2004

hereby GRANT(S) to Brent Mays, David Velarde, Jr. and Cade Lewis, all as tenants in common

the real property situated in the County of Riverside, State of California, more particularly described as follows:

SEE EXHIBIT "A" ATTACHED

THE JOANN VELARDE 2004 TRUST

Dated: _3/28/18_

Brent Mays, Trustee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF __NC__ )
COUNTY OF __Mecklenburg__ )

On _3/28/18_ before me, _Elizabeth Papp_, Notary Public, personally appeared __Brent Mays__, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _Elizabeth Papp_

> Elizabeth Papp
> Notary Public
> Mecklenburg County, NC
> My Commission Expires 7/12/22

MAIL TAX STATEMENTS AS DIRECTED ABOVE            **EXHIBIT 2**

## EXHIBIT "A"

Lot 1 in Block 114 of SOUTH RIVERSIDE TOWNSITE, as shown by Map on file in Book 9 page 6 of Maps, San Bernardino County Records.

EXCEPTING therefrom the following described portion:

BEGINNING at the Southwesterly corner of said Lot; Then Northerly along the Westerly line of said Lot, 98 feet; Then Easterly parallel with the Southerly line of said Lot, 20 feet 9 inches; Thence Southerly parallel with the Westerly line of said Lot, 9 feet 4 inches; Then Easterly parallel with the Southerly line of said Lot 10 feet 3 inches; Thence Southerly parallel with the Westerly line of said Lot, 6 feet 8 inches; Thence Easterly to a point on the Easterly line of said Lot, 72 feet Southerly from the Northerly line of said Lot, measured along a line at a right angle thereto; Thence Southwesterly along the Easterly line of said Lot to the Southeasterly corner thereof; Thence Westerly along the Southerly line of said Lot, 76 feet, more or less, to the point of beginning.

More commonly known as 714 and 716 E. Grand Boulevard, Corona, CA

EXHIBIT 2

# EXHIBIT 3

RECORDING REQUESTED BY:

**THOMPSON & COLEGATE LLP**

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Brent Mays
511 Alex D. Owens Drive
Kings Mountain, NC 28086

**2018-0144907**

04/16/2018 10:13 AM Fee: $ 89.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder



100

APN: 277-122-007-6

*SPACE ABOVE THIS LINE IS FOR RECORDER'S USE*

Commonly known as:  19586 Temescal Canyon
Road, Corona

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $_____-0_____
☐ Computed on full value of property conveyed, or
☐ Computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated area __x__ City of Corona

For valuable consideration, receipt of which is hereby acknowledged, Brent Mays, Successor Trustee of the Joann
Velarde 2004 Trust dated February 3, 2004

hereby GRANT(S) to Brent Mays, David Velarde, Jr. and Cade Lewis, all as tenants in common

the real property situated in the County of Riverside, State of California, more particularly described as follows:

Lot 23 in Block "A" of BLUE DIAMOND ADDITION TO CORONA, as shown by map on
File in Book 15 page 92 of Maps, Records of Riverside County.

THE JOANN VELARDE 2004 TRUST

Dated: __3/28/18__

Brent Mays, Trustee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF ___NC___ )
COUNTY OF ___Mecklenburg___ )

On __3/28/18__ before me, ___Elizabeth Papp___, Notary Public, personally
appeared ___Brent Mays___, who proved to me on the basis
of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature ___Elizabeth Papp___

Elizabeth Papp
Notary Public
Mecklenburg County, NC
My Commission Expires 3/12/22

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 3

# EXHIBIT 4

RECORDING REQUESTED BY:

**THOMPSON & COLEGATE LLP**

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Brent Mays
511 Alex D. Owens Drive
Kings Mountain, NC 28086

APN: 277-122-007-6
Commonly known as:  19586 Temescal Canyon
Road, Corona

**2018-0418122**

10/23/2018 01:09 PM Fee: $ 89.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

| | | | | | R | A | Exam: | 411 | |
|---|---|---|---|---|---|---|---|---|---|
| 140 | | | | | | | | | |
| Page | DA | PCOR | Misc | Long | RFD | 1st Pg | Adtl Pg | Cert | CC |
| 1 | | | | | | | | | |
| SIZE | NCOR | SMF | NCHG | T: | | | | | ISE |

# CORRECTIVE GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $_____0_____

☐ Computed on full value of property conveyed, or

☐ Computed on full value less liens and encumbrances remaining at time of sale.

☐ Unincorporated area __x__ City of Corona

For valuable consideration, receipt of which is hereby acknowledged, Brent Mays, Successor Trustee of the Joann Velarde 2004 Trust dated February 3, 2004

hereby GRANT(S) to Brent Mays, David Velarde, Jr. and Cade Lewis Velarde, all as tenants in common

the real property situated in the County of Riverside, State of California, more particularly described as follows:

Lot 23 in Block "A" of BLUE DIAMOND ADDITION TO CORONA, as shown by map on
File in Book 15 page 92 of Maps, Records of Riverside County.

THE JOANN VELARDE 2004 TRUST

Dated: 8/28/18

Brent Mays, Trustee

**(This Grant Deed is recorded to correct the transfer by grantor of that certain grant deed dated 3/28/18, recorded on  8/30/05, as Instrument No.2018-0144907, Riverside County Records and corrects the name of the grantee Cade Lewis to Cade Lewis Velarde).**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF __NC__ )
COUNTY OF __Mecklenburg__ )

On 8/28/2018 before me, Elizabeth Papp, Notary Public, personally appeared Brent Mays who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies); and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____

Elizabeth Papp
Notary Public
Mecklenburg County, NC
My Commission Expires 7/12/2022

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 4

# EXHIBIT 5

RECORDING REQUESTED BY:

**THOMPSON & COLEGATE LLP**

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

Brent Mays
511 Alex D. Owens Drive
Kings Mountain, NC 28086

**2018-0434177**
11/05/2018 08:17 AM Fee: $ 102.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder



**134**

APN: 117-204-007-0
Commonly known as: 714 & 716 East Grand
Blvd., Corona, CA

*SPACE ABOVE THIS LINE IS FOR RECORDER'S USE*

# CORRECTIVE GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $_____-0-_____
☐ Computed on full value of property conveyed, or
☐ Computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated area ___x___ City of Corona

For valuable consideration, receipt of which is hereby acknowledged, Brent Mays, Successor Trustee of the Joann Velarde 2004 Trust dated February 3, 2004

hereby GRANT(S) to Brent Mays, David Velarde, Jr. and Cade Lewis Velarde, all as tenants in common

the real property situated in the County of Riverside, State of California, more particularly described as follows:

SEE EXHIBIT "A" ATTACHED

THE JOANN VELARDE 2004 TRUST

Dated: _8/28/18_

Brent Mays, Trustee

**(This Grant Deed is recorded to correct the transfer by grantor of that certain grant deed dated 3/28/18, recorded on 8/30/05, as Instrument No.2018-0144906, Riverside County Records and corrects the name of the grantee Cade Lewis to Cade Lewis Velarde).**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _NC_ )
COUNTY OF _Mecklenburg_ )

On _8/28/2018_ before me, _Elizabeth Papp_, Notary Public, personally appeared _Brent mans_, who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature: _Elizabeth Papp_

Elizabeth Papp
Notary Public
Mecklenburg County, NC
My Commission Expires 7|12|2022

MAIL TAX STATEMENTS AS DIRECTED ABOVE

EXHIBIT 5

## EXHIBIT "A"

Lot 1 in Block 114 of SOUTH RIVERSIDE TOWNSITE, as shown by Map on file in Book 9 page 6 of Maps, San Bernardino County Records.

EXCEPTING therefrom the following described portion:

BEGINNING at the Southwesterly corner of said Lot; Then Northerly along the Westerly line of said Lot, 98 feet; Then Easterly parallel with the Southerly line of said Lot, 20 feet 9 inches; Thence Southerly parallel with the Westerly line of said Lot, 9 feet 4 inches; Then Easterly parallel with the Southerly line of said Lot 10 feet 3 inches; Thence Southerly parallel with the Westerly line of said Lot, 6 feet 8 inches; Thence Easterly to a point on the Easterly line of said Lot, 72 feet Southerly from the Northerly line of said Lot, measured along a line at a right angle thereto; Thence Southwesterly along the Easterly line of said Lot to the Southeasterly corner thereof; Thence Westerly along the Southerly line of said Lot, 76 feet, more or less, to the point of beginning.

More commonly known as 714 and 716 E. Grand Boulevard, Corona, CA

EXHIBIT 5

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| LYNDA T. BUI, solely in her capacity as the Chapter 7 Trustee for the bankruptcy estate of David Manuel Velarde and Wendy Anita Velarde | TERI MAYS, solely in her capacity as the Administrator for the Estate of Brent Lewis Mays; and CADE LEWIS VELARDE, an individual |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Ryan D. O'Dea, Esq. SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618 Telephone: (949) 340-3400 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☐ Other<br>☒ Trustee | ☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for: Sale of Interests of Estate and Co-Owners in Real Property [11 U.S.C. § 363(h)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)   [1]

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>David Manuel Velarde and Wendy Anita Velarde | BANKRUPTCY CASE NO.<br>6:24-bk-16224-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Riverside Division | NAME OF JUDGE<br>Honorable Scott H. Yun |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Ryan D. O'Dea | | |
| DATE<br>07/16/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br> Ryan D. O'Dea | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.